WATSON *v.* WILSON *et al.*

*(Circuit Court, E. D. Pennsylvania.  April 27, 1888.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT—IRONING-MACHINES.
   The combination set forth in the first three claims of patent No. 293,290 is infringed by a machine in which the table is held up against the iron by the pressure of the operator, and returned, upon the lowering of the foot-lever by a spring, operated by the lowering of the lever by the operator, when the table has reached the extent of its motion.

2. SAME—ANTICIPATION.
   The combination set forth in the fourth and fifth claims is anticipated by a machine having the neck-clamp and tail-clamps unconnected, and the latter consisting of a split-roller, and not an extensible gripping mechanism, and not operating automatically, as shown in bosom-ironer No. 3, of the Troy Laundry-Machine Company.

In Equity. Hearing upon bill, answer, and proofs.

Bill by Lewis S. Watson against Edgar Wilson and John William Binder, trading as Watson & Binder, for infringement of plaintiff's shirt-ironing machine, patented February 12, 1884, No. 293,290. The claims involved were the following:

(1) In an ironing-machine, an iron and an ironing-table, in combination with mechanism substantially as described, operating to move the table for-

ward, in contact with the machine, lower the table at the end of its forward motion, and return the table to the limit of its backward stroke, without contact with the iron, substantially as set forth. (2) The combination of an ironing-table with mechanism, substantially as described, operating successively and automatically to move the table forward, lower the table at the end of its forward stroke, and return the table to its backward stroke, without contact with the iron, substantially as described. (3) The combination, substantially as described, of the iron and ironing-table with mechanism operating to reciprocate the table; an operating mechanism by which the table is brought up and held against the iron during its forward stroke, and mechanism connected with and actuated by the table at the end of the forward stroke of the latter, and operating to lower the table-lifting mechanism, whereby the table shall be automatically lowered at the end of each forward stroke and returned in a lower position, substantially as set forth. (4) In an ironing-machine, the ironing-table provided at one end with a clamp, operating to hold down the shirt bosom at the neck, and at its opposite end provided with an extensible gripping and stretching mechanism, substantially as described, whereby the shirt may be held at the tail portion thereof, and outward from one end of the table, in order to stretch the shirt thereon, substantially as described. (5) An ironing-table provided with means at one end for holding the neck end of a shirt; in combination with a combined shirt holder and stretcher at the opposite end, consisting of a clamp, mounted substantially as described, whereby it may be extended out from the end of the table, and comprising a set of jaws and a spring connected to the inner jaw, next to the table, to force the same against the face of the outer with a yielding, spring pressure, substantially as described.

Defendant introduced into evidence, as to fourth and fifth claims, letters patent No. 201,904, to R. Becker, April 2, 1878; 239,853, E. L. Schlotterback; and catalogues No. 1, 2, 3 of the Troy Laundry-Machine Company, known as the "Barkclay Catalogues," and the machine known as "Bosom-Ironer No. 3," of the Troy Laundry-Machine Company.

*Wm. A. Redding*, for plaintiff.
*John F. Lewis*, for defendant.

PER CURIAM. The complainant's patent is for "certain new and useful improvements in ironing-machines." The claims are 23 in number, of which with only 5, however, have we anything to do. The bill charges infringement of others; but the complainant limited his charge on the hearing to the first 5. The 1st, 2d, and 3d claims must be sustained as valid. We do not find anything in the art, so far as shown by the record, to justify us in holding them to be anticipated; nothing to overcome the presumption arising from the patent. The 4th and 5th are for the clamping and stretching devices. Upon careful examination of respondents' exhibit, "Bosom-Ironer No. 3," and comparison with the clamping and stretching devices there shown, we are unable to distinguish in any material respect, the complainant's devices, designed for that purpose, from these. Claims 4 and 5 are therefore, in our judgment, invalid. The respondents' machine is, we believe, an infringement of claims 1, 2, and 3; and for this infringement respondents must be held accountable. The bill is sustained to this extent, and a decree will be entered, accordingly, for an account.